UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON A STUMM, <br> MATTHEW W STUMM, <br> BRIAN T HELMER, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF PITTSBORO, <br> CHRISTI PATTERSON, <br> LIEUTENANT SCOTT KING, <br> CARRI WEBER,[1] <br><br> Defendants. | No. 1:17-cv-04296-JMS-MJD |

**ORDER**

The Plaintiffs in this case – Matthew Stumm, Jason Stumm, and Brian Helmer – are current or former Pittsboro Police officers who allege that the Chief of Police and a Police Major recorded their conversations without their knowledge and without a court order in violation of the Fourth Amendment to the U.S. Constitution. Relatedly, Plaintiffs allege that Carri Weber, a Captain with the Plainfield Police Department, violated the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, when she used and disclosed the recorded conversations while conducting an investigation into alleged misconduct on the part of Matthew Stumm. Presently pending before the Court is a Motion to Dismiss filed by Captain Weber. [Filing No. 12.] For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Although Plaintiffs listed "CARRI WEBER" in the caption of their initial Complaint, [Filing No. 1], they listed her on the docket as "CARRIE WEBER," *see* ECF 1:17-cv-04296. In her Motion to Dismiss, Captain Weber refers to herself as the former. As such, the Clerk is directed to update the docket to reflect the correct spelling of Captain Weber's name as "CARRI WEBER."

# I.
## STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

# II.
## BACKGROUND

The following are the factual allegations in the Complaint, which the Court must accept as true at this time:

Sometime prior to the end of 2016, Pittsboro Chief of Police Christi Patterson directed Major Scott King to install video surveillance cameras in the front area of the building that houses the Pittsboro Police Department (the "Department"). [Filing No. 1 at 3.] Chief Patterson and

Major King then informed members of the Department that the front area of the building would be monitored by cameras, but the area would not be subject to audio recording because the cameras were not capable of recording audio. [[Filing No. 1 at 3](#).] For over a year, Chief Patterson and Major King surreptitiously recorded and listened to conversations that occurred in the front area of the Department building between the Department's officers, including Plaintiffs Matthew Stumm, Jason Stumm, and Brian Helmer. [[Filing No. 1 at 4](#).] Chief Patterson and Major King did so without a warrant, a court order, or consent on the part of Plaintiffs. [[Filing No. 1 at 5](#).]

Meanwhile, in late 2016, Matthew Stumm, who was then employed by the Department, became concerned that Chief Patterson and Major King were being paid for hours that they did not work, and began obtaining documents in an effort to confirm his suspicion. [[Filing No. 1 at 3](#).]

In February 2017, Chief Patterson prepared a report accusing Matthew Stumm of defaming a fellow officer and making statements that were damaging to morale, and she placed him on administrative leave. [[Filing No. 1 at 3](#).] Chief Patterson then requested that Captain Carri Weber of the Plainfield Police Department conduct an investigation into Matthew Stumm's misconduct. [[Filing No. 1 at 4](#).]

As part of her investigation, Captain Weber conducted an interview of Matthew Stumm, during which he acknowledged making derogatory statements about Chief Patterson and Major King. [[Filing No. 1 at 4](#).] Captain Weber informed Matthew Stumm that she had listened to recordings of his comments about Chief Patterson and Major King and that he could obtain copies of the conversations from the Pittsboro Police Commission's attorney. [[Filing No. 1 at 4](#).] Matthew Stumm subsequently obtained the recordings. [[Filing No. 1 at 4](#).]

In October 2017, Chief Patterson informed the Pittsboro Police Commission that she would seek Matthew Stumm's termination. [Filing No. 1 at 4.]

On November 16, 2017, Plaintiffs filed suit against the Town of Pittsboro acting by and through the Department, Chief Patterson in her official and individual capacities, and Major King and Captain Weber in their individual capacities. [Filing No. 1.] With respect to Pittsboro, Plaintiffs allege that the city maintains an unconstitutional and illegal policy of intercepting, recording, and disclosing conversations. [Filing No. 1 at 5.] In addition, Plaintiffs contend that Chief Patterson and Major King's actions in intercepting, recording, and disclosing their private conversations constitute an illegal search in violation of the Fourth Amendment and the Federal Wiretap Act. [Filing No. 1 at 5.] Plaintiffs further allege that Captain Weber violated the Federal Wiretap Act by using and disclosing Plaintiffs' recorded conversations. [Filing No. 1 at 5.]

Captain Weber filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that the allegations in the Complaint do not state a cause of action against her and her Motion is now ripe for the Court's review.

## III.
### DISCUSSION

Captain Weber makes two arguments in support of her Motion to Dismiss, one in relation to Brian Helmer and Jason Stumm's claim against her, and the other pertaining to Matthew Stumm's claim against her. The Court will discuss each argument, in turn.

### A. Brian Helmer and Jason Stumm's Claim against Captain Weber

Captain Weber first argues that Plaintiffs have not alleged any facts upon which Mr. Helmer or Jason Stumm could assert a claim against her. [Filing No. 13 at 5.] In response, Plaintiffs acknowledge that "the Complaint does not expressly allege" that Captain Weber used or disclosed recordings of Mr. Helmer or Jason Stumm, but they argue that they should receive the

"benefit of imagination." [Filing No. 20 at 3.] Plaintiffs "believe that discovery will show" that Mr. Helmer and Jason Stumm were involved in many of the conversations at issue and argue that they have stated a claim against Captain Weber because they "hypothesize" that Captain Weber listened to hours of conversations between Matthew Stumm and either Mr. Helmer or Jason Stumm. [Filing No. 20 at 4.] In her reply brief, Captain Weber argues that this Court should not accept Plaintiffs' "'hypothesis' because it is not an inference that can be reasonably drawn from the allegations in the Complaint." [Filing No. 21 at 4.] Captain Weber further contends Plaintiffs should amend their Complaint if they have evidentiary support for such claims, or believe they could have such support after discovery. [Filing No. 21 at 4.]

At the outset, the Court notes that Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend a complaint once as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011). The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Here, Plaintiffs chose not to revise their allegations regarding Mr. Helmer or Jason Stumm despite being aware of Captain Weber's arguments in support of dismissal, and chose instead to brief the current Motion to Dismiss.

Plaintiffs rely upon *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), in arguing that they should receive the benefit of imagination so long as any hypotheses they present are consistent with the complaint. The same line Plaintiffs quote from *Sanjuan* was also quoted by the Supreme Court in *Twombly* in holding that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. But *Twombly* also teaches that there is both a line between possibility and plausibility of entitlement to relief, as well as a "need at the pleading stage

5

for allegations plausibly suggesting (not merely consistent with)" relief. *Id*. at 557 (holding that such a requirement "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

In this case, the Complaint does not contain allegations that plausibly suggest that Mr. Helmer or Jason Stumm are entitled to relief from Captain Weber. Such a defect could have likely been efficiently and effectively cured had Plaintiffs opted to amend their Complaint as a matter of course pursuant to Rule 15(a)(1)(B). As it now stands, Captain Weber's Motion to Dismiss is **GRANTED** as to Mr. Helmer and Jason Stumm, and their claims against her are **DISMISSED WITHOUT PREJUDICE**.

      **B.**     **Matthew Stumm's Claim against Captain Weber**

With respect to Matthew Stumm, Captain Weber argues that her use and disclosure of the recording falls within an exemption to the Federal Wiretap Act "for law enforcement officers who use the contents of any oral communication within the performance of the officer's official duties." [Filing No. 13 at 6 (citing 18 U.S.C. § 2517(2)).]

In their response brief, Plaintiffs contend that the two exceptions in the Federal Wiretap Act pertaining to investigative or law enforcement officers apply "only to knowledge obtained 'by any means authorized by this chapter.'" [Filing No. 20 at 4 (quoting 18 U.S.C. § 2517(1) and 18 U.S.C. § 2517(2)).] Plaintiffs therefore argue that such exceptions "have no application to the case at bar" because the recordings were made "unlawfully and for improper purposes." [Filing No. 20 at 4.]

In her reply brief, Captain Weber argues that the Federal Wiretap Act "only prohibits the use or disclosure of information when the person 'know[s] or [has] reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in

6

violation of [the Federal Wiretap Statute].'" [Filing No. 21 at 2 (quoting 18 U.S.C. § 2511).] Because the Complaint does not allege any facts to show that Captain Weber knew or had reason to know the recording was in violation of the Federal Wiretap Statute, Captain Weber contends that the Complaint fails to allege a critical element necessary to state a claim against Weber.

"Congress enacted the Federal Wiretap Act for the dual purpose of protecting the privacy of wire and oral communications, and delineating the conditions under which such communications may be intercepted." *Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 980 (7th Cir. 2000) (citations omitted). The Act provides that any person who "(c) intentionally discloses, or endeavors to disclose, to any other person . . . or (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection" shall be found in violation of the statute and subject to civil or criminal penalties. 18 U.S.C. § 2511. The two exceptions to §2511 violations that Captain Weber highlights are found in 18 U.S.C. § 2517 and "merely describe[] the limited purposes for which information concerning electronic communications received by authorized means may be disclosed under the Wiretap Act." *United States v. Rice*, 2017 WL 5495584, at *3 (3d Cir. Nov. 16, 2017). The relevant subsections of § 2517 provide that any investigative or law enforcement officer who has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom, "by any means authorized by this chapter," may "disclose such contents to another investigative or law enforcement officer" and "use such contents to the extent such use is appropriate to the proper performance of his [or her] official duties." 18 U.S.C. § 2517(1); 18 U.S.C. § 2517(2). However, a circuit split exists as to what constitutes "any means authorized by this chapter" in § 2517(1) and (2).

7

In *Forsyth v. Barr*, 19 F.3d 1527 (5th Cir. 1994), the Fifth Circuit concluded that information disclosed or used under subsections (1) and (2) of § 2517 "need not be only that which is intercepted 'in accordance with' the Act." *Id.* at 1543. Instead, under "the unique facts and circumstances" of *Forsyth*, where "the appellees did not participate in or procure the interception," the Fifth Circuit held that the disclosure and use of communications was authorized by §2517(1) and (2). *Id.* at 1545.

The D.C. Circuit disagreed with the reasoning in *Forsyth*, and held that government investigators "were not shielded by the law enforcement exception when they used a tape they had reason to know was illegally intercepted." *Berry v. Funk*, 146 F.3d 1003, 1013 (D.C. Cir. 1998) ("We simply do not understand the Fifth Circuit's use of . . . legislative history to justify a broader knowing use of illegally intercepted conversations against one of the speakers."). Similarly, the Ninth Circuit held that "[t]here are situations where law enforcement officers could gain knowledge of the contents of a wiretap by authorized means, even though the interception was not in accordance with the law. One way is lack of scienter." *Chandler v. U.S. Army*, 125 F.3d 1296, 1300 (9th Cir. 1997).

This Court has not found, and the parties do not suggest, any Seventh Circuit case on the issue of what constitutes "any means authorized by this chapter" in 18 U.S.C. § 2517(1) and (2).[2] Captain Weber cites the Fifth Circuit's opinion in *Forsyth* to support her argument that her use and disclosure of recordings was authorized by § 2517 despite Plaintiffs' allegation that the recordings were not intercepted in accordance with the Federal Wiretap Act. Notably, however, Captain Weber does

---

[2] Plaintiffs cite *United States v. Dorfman* in arguing that an invasion of privacy under the Federal Wiretap Act "is not simply 'over and done with' when an unlawful intrusion has been effected. Rather, the disclosure or use of information obtained through such an intrusion amounts to a separate injury to the victim's privacy interest." 690 F.2d 1217, 1228 (7th Cir. 1982). However, *Dorfman* does not address what constitutes "any means authorized by this chapter" under 18 U.S.C. § 2517(1) or (2).

8

not argue that this Court should hold that her disclosure and use of the recordings were permitted because she did not participate in or procure the interception. Rather, Captain Weber argues that "[t]he Complaint does not allege any facts to show that [she] knew or had reason to know the recording was in violation of the Federal Wiretap Statute." [Filing No. 21 at 2.] As such, this Court need not delve into the Circuit split, but instead considers the narrower question of whether Plaintiffs' Complaint plausibly alleges that Captain Weber knew or had reason to know that the recordings were illegally intercepted.

In this case, Captain Weber is correct that Plaintiffs did not specifically include language in their Complaint suggesting that she knew or should have known that the recordings at issue were illegally intercepted. But that is not the standard to which this Court must hold Plaintiffs' Complaint. On this point, the Seventh Circuit's recent discussion in *Chapman v. Yellow Cab Coop.* is instructive:

> To the extent the district court demanded that complaints plead facts—not only facts that bear on the statutory elements of a claim, but also facts that bear on judicially established standards—it was mistaken. Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead claims rather than facts corresponding to the elements of a legal theory. . . . Because complaints need not identify the applicable law, it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.

875 F.3d 846, 848 (7th Cir. 2017) (citations omitted).

The Court finds that, consistent with the allegations contained in the Complaint, it is plausible that Captain Weber knew or had reason to know that the recordings were illegally intercepted. For example, Plaintiffs' Complaint alleges that Captain Weber began her investigation at the request of Chief Patterson and that she later "informed" Matthew Stumm that his conversations had been recorded. [Filing No. 1 at 4.] It is therefore plausible that Captain Weber possessed the requisite scienter such that her use and disclosure of the documents were not permitted by 18 U.S.C. § 2517(1) and (2). Put another way, Plaintiffs' claim against Captain Weber relating to Matthew Stumm is

9

plausible under the standards set forth in *Iqbal* and *Twombly*. Accordingly, Captain Weber's Motion to Dismiss is **DENIED** as to Matthew Stumm's claim.

## IV.
### CONCLUSION

For the reasons explained herein, Captain Weber's Motion to Dismiss [12] is **GRANTED IN PART** and **DENIED IN PART**, as follows: (1) the Motion is **GRANTED** as to Mr. Helmer and Jason Stumm, and their claims against her are **DISMISSED WITHOUT PREJUDICE**, and (2) the Motion is **DENIED** as to Matthew Stumm's claim.

Plaintiffs have thirty days to move to amend their Complaint if they intend to continue to pursue the claims that have been dismissed without prejudice. Failure to file an amended complaint within this time period will result in a dismissal **WITH PREJUDICE** with respect to such claims.

Date: 3/8/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**