UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON A. STUMM, | ) | |
| MATTHEW W. STUMM | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| *vs.* | ) | 1:17-cv-4296-JMS-MJD |
| | ) | |
| TOWN OF PITTSBORO, | ) | |
| CHRISTI PATTERSON, | ) | |
| SCOTT KING | ) | |
| *Defendants.* | ) | |

## ORDER

On June 18, 2019, the Court concluded a jury trial in this matter and ordered the parties to submit further briefing as to the form of judgment. [Filing No. 83.] The parties have done so, and the issue is now ripe for the Court's consideration.

## I.
### BACKGROUND

On June 17 and 18, 2019, the Court conducted a jury trial in this matter. [Filing No. 81; Filing No. 83.] Prior to the trial, the Court ordered the parties to prepare and file jointly proposed verdict forms. [Filing No. 79 at 2.] At trial, counsel informed the Court that the parties had agreed to the verdict forms previously submitted by Defendants. [Filing No. 77.] At the conclusion of the trial, the jury was provided with the parties' jointly-proposed verdict forms, with minor formatting changes. [*Compare* Filing No. 77 *with* Filing No. 84.]

Following deliberation, the jury returned a verdict in favor of Plaintiff Matthew Stumm against Defendants Christi Patterson and the Town of Pittsboro. [Filing No. 84.] The jury specifically found that Matthew Stumm proved by a preponderance of the evidence that:

- Christi Patterson violated his rights under the Fourth Amendment, [Filing No. 84 at 4];

- the Town of Pittsboro violated his rights under the Fourth Amendment, [Filing No. 84 at 4];

- Christi Patterson violated his rights under the Federal Wiretap Act, [Filing No. 84 at 8]; and

- the Town of Pittsboro violated his rights under the Federal Wiretap Act, [Filing No. 84 at 8].

In addition, the jury found that Matthew Stumm proved his damages by a preponderance of the evidence. [Filing No. 84 at 4; Filing No. 84 at 8.] The jury indicated as such by placing a checkmark in the appropriate box on the verdict form entitled "FOURTH AMENDMENT CLAIM, MATTHEW STUMM," [Filing No. 84 at 4] and by placing a checkmark in the appropriate box on the verdict form entitled "WIRETAP ACT CLAIM, MATTHEW STUMM," [Filing No. 84 at 8.]

Lastly, the jury determined the amount of compensatory damages that Matt Stumm proved that he sustained from a violation of his rights under the Fourth Amendment and from a violation of his rights under the Federal Wiretap Act. [Filing No. 84 at 5; Filing No. 84 at 9.] The jury did so by writing $15,000 on the appropriate line on the verdict form entitled "FOURTH AMENDMENT CLAIM, MATTHEW STUMM," [Filing No. 84 at 5] and by writing $15,000 on the appropriate line on the verdict form entitled "WIRETAP ACT CLAIM, MATTHEW STUMM," [Filing No. 84 at 9.]

Following the jury's discharge, the Court ordered Matthew Stumm to propose the form of judgment and allowed Defendants to respond thereto.

**II.**
**DISCUSSION**

Matthew Stumm argues that the Court should enter judgment in his favor "against Defendants Town of Pittsboro and Christi Patterson in the amount of $30,000." [Filing No. 86 at 4.] He argues that the verdict forms "presented the jury with two distinct claims: one based on the Fourth Amendment, and a second based on the Federal Wiretap Act," and that "[b]y writing the amount of $15,000 twice . . . the jury expressed its intent" to award him "total compensatory damages of $30,000." [Filing No. 86 at 2.] Although Mr. Stumm acknowledges that "the two claims are legally quite similar," he contends that the jury "would not necessarily have interpreted them that way." [Filing No. 86 at 2.] He argues that the Court must consider the verdict forms in light of the instructions, which describe the Fourth Amendment claim "in language that is dauntingly dissimilar to the instructions that describe the Federal Wiretap Act violation," and do not instruct that the two claims are identical or duplicative. [Filing No. 86 at 3.] Further, Mr. Stumm argues that the "Verdict Forms tracked the Final Instructions in treating damages for each claim as separate and distinct," and "would have allowed the jury to find in favor of a Plaintiff on one of the two legal theories but not the other" or "award a different amount of compensatory damages on each claim." [Filing No. 86 at 3.] Mr. Stumm further contends that the law "requires that a verdict form not confuse or mislead the jury," and that if "the law required Plaintiff to be compensated identically for both claims, then the verdict form should have provided a single line stating the total compensatory damages for both claims." [Filing No. 86 at 3.]

In response, Defendants argue that judgment "should be entered in the total amount of $15,000." [Filing No. 88 at 1.] Defendants contend that this case "involves a single indivisible injury for which Defendants, if liable on either theory, are jointly and severally liable" and that the Court "cannot permit [Mr.] Stumm to obtain a double recovery for the one, indivisible injury at

3

issue in this case." [Filing No. 88 at 1.] In addition, Defendants argue that the damages instruction given to the jury "advised the jury to 'determine *the* amount of money that will fairly compensate [Stumm] for any injury [Stumm] sustained *as a direct result of the recordings made by the lobby video camera*.'" [Filing No. 88 at 2-3 (emphasis added by Defendants).] Defendants acknowledge that the verdict forms contained "a flaw," but contend that that a "flaw does not make double recovery legally permissible." [Filing No. 88 at 3-4.]

"Generally, a plaintiff is only entitled to a single recovery for a single injury, regardless of how many defendants could be liable for that single injury, or how many different theories of recovery could apply to that single injury." *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018); *see also Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018) ("Federal common law prevents § 1983 plaintiffs from recovering twice for the same injury"). Damages "are not assessed 'by defendant' or 'by claim' but 'for' an injury." *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 640 (7th Cir. 2011) (citation and quotation omitted).

Mr. Stumm argues that the jury was not informed that the two claims were identical and that the final instructions "present the two legal claims as separate and distinct." [Filing No. 86 at 3.] But this argument misses the mark. The jury was not informed that the claims were identical because they are not – Mr. Stumm's Fourth Amendment claim and his Federal Wiretap Act claim are two separate theories of recovery. But the existence of separate theories of recovery does not mean that Mr. Stumm suffered separate injuries. At trial, Mr. Stumm failed to present evidence of separate injuries arising out of each theory of recovery. Similarly, Mr. Stumm makes no argument here that he suffered separate injuries.

In addition, the Court notes that it finds persuasive Defendants' argument that Final Instruction 18 did not improperly instruct the jury to determine damages for the same injuries on

different legal theories, and their argument that a flaw in the verdict forms would not make double recovery legally permissible. It is true that the jointly proposed Verdict Forms fail to comply with the Seventh Circuit's guidance that a verdict form "should not be structured in a way that would invite the jury to divide the damages for a single injury among defendants or theories of recovery." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 313 (7th Cir. 2010). But the Verdict Forms must also be read in conjunction with Final Instruction 18, which instructed the jury to determine the amount of money that would fairly compensate Mr. Stumm "for any injury you find he sustained as a direct result of the recordings made by the lobby video camera." [Filing No. 83-1 at 20.] The Court will assume, as it must, that the jury followed Instruction 18 and awarded compensation to Mr. Stumm for the single injury he sustained as a result of his two different theories of recovery.

As a final matter, the Court rejects Mr. Stumm's argument that if the Court enters judgment in the amount of $15,000 "then then Verdict Form will have mislead [sic] the jury." [Filing No. 86 at 3.] The Court notes that the Verdict Form was jointly proposed by the parties, which undercuts Mr. Stumm's argument that such forms are misleading and indicates his affirmative approval of the forms. *See U.S. v. Wells*, 519 U.S. 482, 488 (1997) (citation and quotation omitted) (noting that "under the 'invited error' doctrine" a party "may not complain on appeal of errors that he himself invited or provoked the [district] court ... to commit").

As such, the Court rejects Mr. Stumm's arguments as to the form of judgment and will enter final judgment in the amount of $15,000.00 in order to prevent a double recovery for the same injury.

## III.
### CONCLUSION

For the reasons set forth herein, the Court will enter final judgment in the amount of $15,000.00 in favor of Mr. Stumm and against Defendants Christi Patterson and the Town of Pittsboro.

Date: 7/15/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**