UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATTHEW W. STUMM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-4296-JMS-MJD ) |
| TOWN OF PITTSBORO, and CHRISTI PATTERSON, | ) ) ) ) |
| Defendants. | ) |

## ORDER

This case involves a civil rights action brought by three current or former Pittsboro, Indiana police officers—Matthew ("Matt") Stumm, Jason Stumm, and Brian Helmer—against the Town of Pittsboro ("Town"), the Chief of Police, the Assistant Chief of Police, and a Captain with the neighboring Plainfield Police Department. The Plaintiffs asserted that the Defendants violated the Fourth Amendment to the United States Constitution and the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, by recording their conversations inside the police station, without their knowledge or a court order, and reviewing or using those recordings. After some claims were disposed of on summary judgment, Matt and Jason Stumm proceeded to trial, where the jury found in favor of Matt Stumm against the Town and the Chief of Police. Judgment was entered, [Filing No. 90], and presently pending before the Court are Matt Stumm's Bill of Costs, [Filing No. 91], and Petition for Attorneys' Fees, [Filing No. 93]. These matters are now ripe for the Court's review.

**I.
STANDARDS OF REVIEW**

Federal Rule of Civil Procedure 54(d)(1) states that, unless a statute, rule, or court order provides otherwise, costs should generally be awarded to the "prevailing party." Fed. R. Civ. P.

54(d)(1). "The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The district court should not resolve arguments regarding the winning party's strategy in litigating the case, *id.*, but nonetheless must discern whether the claimed costs were "reasonable and necessary," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

In addition, a court may award reasonable attorney's fees to the prevailing party in a civil rights action. 42 U.S.C. § 1988. Determining what fees are reasonable is a "contextual and fact-specific" inquiry. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The party seeking fees must submit appropriate documentation to meet the burden of establishing entitlement to a fee award. *Fox v. Vice*, 563 U.S. 826, 838 (2011). However, the determination of fees "should not result in a second major litigation," as the essential goal in shifting fees is "to do rough justice, not to achieve auditing perfection." *Id.* (internal quotations and citations omitted). "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

## II.
### BACKGROUND

In the Amended Complaint, each of the three Plaintiffs asserted that each of the four Defendants violated their rights under the Fourth Amendment and the Wiretap Act. [Filing No. 28.] Plaintiffs alleged that Chief of Police Christi Patterson directed Assistant Chief of Police Major Scott King to install a video camera with audio recording capabilities in the lobby of the Pittsboro Police Department. [Filing No. 28 at 3.] They alleged that this camera recorded their private conversations without their knowledge, Chief Patterson and Major King had been listening

to the recordings, and the Town thereby maintained an unconstitutional policy of intercepting, recording, and disclosing personal conversations. [Filing No. 28 at 5-6.] They also alleged that the recordings were improperly used in an investigation concerning Matt Stumm—conducted by Captain Carrie Weber of the Plainfield Police Department—for allegedly criticizing Chief Patterson and Major King and allowing an unauthorized civilian rider in his patrol vehicle. [Filing No. 28 at 3-5.]

Defendants moved for summary judgment, [Filing No. 41], which the Court granted in part and denied in part, [Filing No. 50]. Specifically, the Court granted the motion as to Mr. Helmer's claims against all Defendants, concluding that he had not produced sufficient evidence that his conversations had been recorded. [Filing No. 50 at 15-17.] The Court also granted the motion as to all of the Plaintiffs' claims against Captain Weber, because there was no evidence showing that she knew that the recordings she reviewed were illegally obtained. [Filing No. 50 at 17-18.] However, the Court denied the motion as to Matt Stumm's and Jason Stumm's claims against Chief Patterson, Major King, and the Town, concluding that genuine issues of material fact existed. [Filing No. 50 at 10-15; Filing No. 50 at 19-22.]

The remaining claims proceeded to trial, and the jury returned a verdict in favor of Matt Stumm against Chief Patterson and the Town on the Fourth Amendment and Wiretap Act claims, awarding him $15,000 in damages. [Filing No. 84 at 4-5; Filing No. 84 at 8-9.] However, the jury concluded that Matt Stumm had not proved either of his claims against Major King, and Jason Stumm had not proved any of his claims against any Defendant. [Filing No. 84 at 2-6.] After judgment was entered, [Filing No. 90], Matt Stumm filed a Bill of Costs, [Filing No. 91], and Motion for Attorney Fees, [Filing No. 93]. The Court addresses each in turn.

# III.
## DISCUSSION

### A. Costs

Matt Stumm seeks a total of $1,277.27 in costs, consisting of $400 for the filing fee, $28 for fees for service of summonses and subpoenas, and $849.27 for transcripts. [Filing No. 91 at 1.] He attaches an invoice sent to his counsel by Russell Schiener, reflecting a total cost of $624.27 for transcript preparation, as well as a copy of a check written to Mr. Schiener in the amount of $225. [Filing No. 91 at 3-4.]

Defendants object to the Bill of Costs, first arguing that Matt Stumm is not a "prevailing party" for purposes of Rule 54(d) because he obtained a favorable judgment on only four of the seven claims he asserted and recovered only 21 to 30% of the amount of damages he sought. [Filing No. 94 at 94 at 1-3.] Defendants further argue that, even if Matt Stumm is a prevailing party, he is not entitled to recover the costs he requests because: (1) there is no itemization or documentation to support the $28 in costs for the service of summonses or subpoenas; and (2) the submitted invoice only demonstrates $624.27 in costs for transcripts, while he requests $849.27. [Filing No. 94 at 3-4.] Finally, Defendants argue that, because Matt Stumm was one of three plaintiffs, if costs are awarded, they should be reduced by a third. [Filing No. 94 at 4.]

Matt Stumm responds that he is a prevailing party and there is no bar against receiving costs related to time spent on rejected claims where, as here, those claims were intertwined with successful claims. [Filing No. 95 at 2.] While he concedes that the $28 charge was incorrect, he maintains that $849.27 is the correct amount for transcripts and attaches another invoice showing the additional $225 in charges. [Filing No. 95 at 2]. He argues that, even if he alone had pursued only his successful claims, he would have incurred the same costs by paying the filing fee and deposing the other Plaintiffs and Defendants as witnesses. [Filing No. 95 at 2-3.]

Under Rule 54(d), "prevailing party" means "a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims." *First Commodity Traders, Inc. v. Heinold Commodities, Inc*., 766 F.2d 1007, 1015 (7th Cir. 1985) (citation omitted). The party must have been successful "as to the substantial part of the litigation." *Id.* (internal quotations and citation omitted); *see also Northbrook*, 924 F.2d at 641-42 (concluding that the party who "prevailed on the resolution of th[e] central issue" was the "prevailing party").

Here, the Court determines that Matt Stumm is a "prevailing party" within the meaning of Rule 54(d). Although he obtained a favorable verdict against only two of the four named Defendants, he was asserting the same claims against each, and the jury agreed with him on the central issue of the case—whether the recording and use of his conversations without his knowledge violated the Constitution and the Wiretap Act. *See Northbrook*, 924 F.2d at 641-42. Because the parties agree that the $28 cost for service of summonses and subpoenas is erroneous, the Court will not award it. However, the Court will award Matt Stumm the remainder of the requested costs, in the amount of **$1,249.27**.

**B. Attorneys' Fees**

Matt Stumm filed a Petition for Attorneys' Fees, seeking a total of $88,200 for his counsel Jeffrey McQuary and $7,887 for his counsel Alexander Van Gorp. [Filing No. 93.] These fees were calculated by multiplying Mr. McQuary's proposed hourly rate of $400 by the 220.5 hours he worked on the case, and multiplying Mr. Van Gorp's proposed hourly rate of $185 by the 42.7 hours he worked. [Filing No. 93 at 5-7.] In support of the Petition, Matt Stumm attached affidavits and activity logs from each of his attorneys. [Filing No. 93-1; Filing No. 93-3.]

Defendants do not dispute that Matt Stumm is the prevailing party for purposes of attorneys' fees, or that $400 and $185 are reasonable hourly rates Mr. McQuary and Mr. Van Gorp,

respectively. [Filing No. 96 at 1; Filing No. 96 at 12.] Nevertheless, Defendants argue that the proper amount to be awarded to Mr. McQuary is between $11,470 and $17,220, while the proper amount for Mr. Van Gorp is $647.50. [Filing No. 96 at 1.] Specifically, Defendants assert that Matt Stumm's proposed fees: (1) do not account for his limited success; (2) erroneously include time that Mr. McQuary spent on administrative or clerical tasks; (3) are not properly discounted for the time expended on unsuccessful claims; and (4) seek compensation for Mr. Van Gorp that is duplicative of the compensation sought by Mr. McQuary. [Filing No. 96 at 2-11.] Accordingly, Defendants propose that the hours expended by each attorney be calculated as follows:

- 6.9 hours should be subtracted from Mr. McQuary's requested hours for time he spent on administrative or clerical tasks;

- Mr. McQuary's reported 125.1 hours spent litigating claims through summary judgment (not including the 6.9 hours for administrative tasks) should be reduced by 40% to correspond to the time he spent on unsuccessful claims;

- Mr. McQuary's reported 97.9 hours spent pursuing Matt Stumm's and Jason Stumm's claims from summary judgment through trial should be reduced by 30% to account for unsuccessful claims; and

- 39.2 of Mr. Van Gorp's reported 42.7 hours, which represent trial preparation and attendance, should be disallowed as duplicative of Mr. McQuary's hours spent performing the same tasks.

[Filing No. 96 at 11.] Applying these limits would yield a total of 143.5 compensable hours for Mr. McQuary, multiplied by his hourly rate of $400, resulting in a fee of $57,400, and 3.5 compensable hours for Mr. Van Gorp, multiplied by his hourly rate of $185, resulting in a fee of $647.50. [Filing No. 96 at 12.] Defendants argue that because Matt Stumm recovered only 21 to 30% of the damages he demanded, Mr. McQuary's fee should be reduced by 70 to 80% for this limited success, yielding a recoverable amount of $11,480 to $17,220. [Filing No. 96 at 12-13.]

In reply, Matt Stumm asserts that his requested fee is reasonable, and the 70 to 80% reduction proposed by Defendants is excessive. [Filing No. 99 at 2.] Specifically, he notes that,

while his recovery was limited to $15,000, the hours expended were reasonable in relation to that award because they were necessary to achieve a verdict in his favor, and the unsuccessful claims cannot be separated from his successful claims, as they were all based on the same facts and legal theory. [Filing No. 99 at 2-5.] If a reduction is required, he believes that it should not be more than 10%. [Filing No. 5 at 11.] He further argues that the 6.9 hours the Defendants identified as clerical tasks were not, but instead required legal judgment such as reviewing documents for errors, reading the Court's orders to be able to comply with them, and selecting the documents necessary for the pretrial conference and trial. [Filing No. 99 at 6-7.] Finally, he argues that Mr. Van Gorp meaningfully contributed to the trial preparation. [Filing No. 99 at 7-8.]

The Court begins the fee calculation by computing the "lodestar" figure, which is the product of the number of hours the attorney reasonably spent on the case multiplied by a reasonable hourly rate. *Montanez*, 755 F.3d at 553. Here, the parties do not dispute the attorneys' hourly rates, but the Court must determine the number of hours reasonably expended.

*1. Mr. McQuary*

Defendants raise two central objections to Mr. McQuary's reported hours: (1) some of them are not compensable because they represent purely administrative or clerical work; and (2) they include work performed in relation to unsuccessful claims. The Court will address each in turn.

a. <u>Administrative and Clerical Tasks</u>

Defendants identify the following items from Mr. McQuary's activity log, totaling 6.9 hours, and argue that they are administrative or clerical in nature:

- 11/16/17: E-file Complaint and other initiating documents; transmit to clients with cover letter (1.4 hours)

- 11/21/17: Prepare and send Waivers of Service of Summons (0.8 hours)

- 12/4/17: Review & calendar scheduling order (0.2 hours)

- 1/3/18: File executed Waiver of Service (0.2 hours)

- 1/23/18: File CMP [Case Management Plan] (0.2 hours)

- 1/30/18: CMP approved. Calendar dates as ordered (0.5 hours)

- 8/10/18: Mag. Judge sets hearing on Mot. to Continue settlement conf. Calendar (0.5 hours)

- 8/17/18: Trial setting issued. Calendar (0.1 hours)

- 2/11/19: Court orders settlement conference and status conference. Calendar (0.2 hours)

- 2/13/19: File notice of availability for settlement conference (0.1 hours)

- 4/23/19: File Mot. to Cont. Final P-T-C; granted same day (0.4 hours)

- 6/4/19: Organize docs needed for final P-T-C in folders (0.8 hours)

- 6/15/19: Organize folders to bring to trial (1.8 hours)

[Filing No. 96 at 4.] Matt Stumm argues that these tasks were not merely clerical, noting that: (1) review of the initiating documents and drafting a cover letter required legal judgment; (2) the entries referencing something being calendared "mean that the attorney is reading the Court's orders so he can be aware of and comply with them;" (3) the entries regarding motions filed on February 13, 2019, and April 23, 2019, included time for drafting the motions; and (4) the entries concerning organizing documents included selecting and ordering relevant documents, which required legal skill and familiarity with the case. [Filing No. 99 at 6-7.]

Hours that were not reasonably expended, including those that are excessive, redundant, or otherwise unnecessary, must be excluded from the fee calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition, the Court should also ordinarily disallow "hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon v. Catholic*

*Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999) (internal quotations and citations omitted). However, reasonable, market-rate fees for work performed by paralegals are recoverable. *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989). A court can award paralegal fees if it determines that the tasks performed were sufficiently complex to justify the efforts of a paralegal, as opposed to a clerical employee "at the next rung lower on the pay-scale ladder." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996).

The Court agrees that the tasks listed above are not compensable at Mr. McQuary's market rate. However, they are not merely clerical in nature, as they included document preparation, review, and organization suited for a paralegal. Accordingly, the Court declines to completely strike these hours from the fee calculation, and instead will reduce the hourly rate for these hours to $100, which it believes to be a reasonable market rate for paralegal services. Accordingly, the fee for these tasks will be **6.9 hours** multiplied by **$100 per hour**, for a total of **$690**.

> b. Time Spent on Unsuccessful Claims

Defendants argue that Mr. McQuary's reported hours should be reduced by 40% for work leading up to summary judgment, and 30% for work from summary judgment through trial, to account for time spent on unsuccessful claims. [Filing No. 96 at 10-11.] Matt Stumm argues that all of the claims were so closely related that no reduction is warranted, but, if a reduction is necessary, it should not be more than 10%. [Filing No. 99 at 5.]

"[L]osing claims seeking different or additional relief, or damages against different defendants, usually add some marginal expenses to the litigation." *Richardson v. City of Chi., Ill.*, 740 F.3d 1099, 1103 (7th Cir. 2014). If a district court is able to discern which hours were spent on the unsuccessful claims, it can strike them from the lodestar calculation. *Montanez*, 755 F.3d at 553. However, where a court is unable to estimate how much time would reasonably have been

devoted to the winning claims, had the losing claims not been presented, "there is nothing to do but make an across-the-board reduction that seems appropriate in light of the ratio between winning and losing claims." *Richardson*, 740 F.3d at 1103.

The Court agrees that some reduction in Mr. McQuary's reported hours is necessary to account for unsuccessful claims. Specifically, in addition to his services to Matt Stumm, Mr. McQuary's work included the pursuit of: (1) Mr. Helmer's claims against all four Defendants, which were disposed of at summary judgment; (2) all three Plaintiffs' claims against Captain Weber, which were disposed of at summary judgment; and (3) Jason Stumm's claims against the Town, Captain Weber, and Major King, which were unsuccessful at trial. Because Mr. McQuary's records are not sufficiently detailed to allow the Court to discern how much time was spent on each of those three sets of claims—as opposed to on Matt Stumm's successful claims—an across-the-board reduction in the reported hours is warranted. *See Richardson*, 740 F.3d at 1103.

Mr. McQuary sought fees for 220.5 hours of work. The 6.9 hours compensated at the paralegal rate must be subtracted, leaving 213.6 hours. This total will be reduced by 25%, corresponding to the Court's estimate of the time Mr. McQuary spent on the three identified groups of unsuccessful claims. Accordingly, Mr. McQuary will be compensated for **160.2 hours** of time, at his undisputed hourly rate of **$400 per hour**, resulting in a fee of **$64,080**. This amount must be added to the $690 fee for the paralegal tasks discussed above, yielding a total fee of **$64,770**.

*2. Mr. Van Gorp*

Defendants do not dispute the reported 3.5 hours Mr. Van Gorp spent preparing a post-trial brief, but argue that the remaining 39.2 hours, spent preparing for and attending trial, are not compensable because they are duplicative of Mr. McQuary's efforts and represent time that Mr. Van Gorp spent gaining courtroom experience for his own benefit. [Filing No. 96 at 8-10.]

Matt Stumm argues that Mr. Van Gorp's hours were necessary and not duplicative. [Filing No. 99 at 7-8.] He attaches a supplemental affidavit from Mr. Van Gorp, in which Mr. Van Gorp states that the tasks he performed in preparation for trial were "necessary and individually contributive." [Filing No. 99-1 at 1.] His tasks included: (1) reviewing depositions from each witness, cross-checking the witnesses' statements, and developing strategies concerning which statements may be used at trial; (2) preparing witnesses to discuss potentially relevant facts, providing basic legal education on relevant concepts, creating an effective narrative, and building rapport; (3) working closely with Jason Stumm to prepare him for his testimony; (4) crafting a list of questions and developing a strategy for Jason Stumm's direct examination; (5) analyzing juror questionnaires and investigating potential jurors; and (6) communicating with Matt and Jason Stumm and observing the jury during trial. [Filing No. 99-1 at 1-2.]

While the Court rejects Defendants' contention that none of Mr. Van Gorp's pre-trial or trial work is compensable, a reduction in his reported hours is nonetheless warranted. First, the Court notes that Mr. Van Gorp's participation in the trial presentation was limited to the relatively short examination of only one witness. In addition, the Court acknowledges that he began working on the case shortly before the trial, and much of his role in the trial was that of an observer. Hours spent training or gaining experience are generally not billed to private clients and should not be included in a fee award. *See Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary." (citations omitted) (emphasis removed)). To that end, and because Mr. Van Gorp spent some of his time working on Matt and Jason Stumm's ultimately unsuccessful claims, the Court finds that it is appropriate to reduce Mr. Van Gorp's disputed hours by 50%. Accordingly, the Court will first subtract from the reported 42.7 hours the 3.5 hours not disputed by Defendants, leaving 39.2 hours. This number will be reduced by 50%,

yielding 19.6 hours. Adding back in the undisputed 3.5 hours makes **23.1 hours**, which will be multiplied by the undisputed rate of **$185 per hour**, resulting in a total fee of **$4,273.50**.

### 3. Reduction for Limited Success

There is a strong presumption that the lodestar figure is reasonable, but such presumption may be overcome where the figure does not adequately account for a factor that may be properly considered in determining a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 554 (2010). One relevant factor is the result obtained by the plaintiff, which is a "particularly crucial" consideration where the plaintiff has succeeded on only some of his claims for relief. *Hensley*, 461 U.S. at 434. In cases where a plaintiff's claims involve a common core of facts or are based on related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 435. In those cases, the lawsuit cannot be viewed as a series of discrete claims, and the Court instead "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

The Court finds that the lodestar figures, as calculated above, are reasonable. Because the reduction in hours accounts for the unsuccessful aspects of the lawsuit, no further reduction in the fee is necessary. *See Perdue*, 559 U.S. at 553 (noting that the lodestar amount generally "includes most, if not all, of the relevant factors constituting a reasonable attorney's fee" (internal quotations and citation omitted)). Matt Stumm, individually, did not achieve "limited success" in the way Defendants suggest. The jury agreed that his rights were violated by the recording and use of his personal conversations, even if only two of the four named Defendants were the proper parties against whom such rights could be vindicated. Furthermore, although he received damages in an amount that was lower than what he demanded, his $15,000 reward nonetheless was substantial

given the absence of specific compensatory damages. The hours spent on pursuit of this claim, as reduced in the manner discussed above, were reasonable in relation to the relief obtained. *See Hensley*, 461 U.S. at 434.

## IV.
### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Matt Stumm's Bill of Costs, [91]. The Court also **GRANTS IN PART** and **DENIES IN PART** Matt Stumm's Petition for Attorneys' Fees, [93], as discussed above. Therefore, costs in the total amount of **$1,249.27** are taxed against Christi Patterson and the Town of Pittsboro, and Matt Stumm is awarded **$69,043.50** in attorneys' fees from those Defendants, consisting of $64,770 to counsel Jeff McQuary and $4,273.50 to counsel Alexander Van Gorp, in addition to the previously-entered judgment for $15,000 in damages.

Date: 9/17/2019

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF only to all counsel of record**